**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JINGQI XIAO, | No. 15-72725 |
| Petitioner, | Agency No. A206-038-153 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022[**]

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Jingqi Xiao, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his applications for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistent testimony between Xiao and his witness regarding the location of Pastor Zhou, and Xiao's inconsistent testimony regarding the method by which he contacted his potential witnesses.  *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) ("[U]nder the REAL ID Act, . . . even minor inconsistencies may have a legitimate impact on a petitioner's credibility.").  Xiao's explanations do not compel a contrary conclusion.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  In the absence of credible testimony, in this case, Xiao's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).  As this determination is dispositive, we do not reach Xiao's remaining contentions regarding the merits of his asylum or withholding of removal claims.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Substantial evidence also supports the agency's denial of Xiao's CAT claim because it was based on the same evidence found not credible, and he does not

point to any other record evidence that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China.  *See Shrestha*, 590 F.3d at 1048-49.

We do not consider the materials Xiao references in his opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**